UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   **COMPLAINT**

TRAVIS LESSER,

**JURY DEMANDED**

                      Plaintiff,

**Docket No.** CV-16-142

   -against-

**Filed:** 1/8/2016

DAVID COHEN,

                     Defendants.
------------------------------------------------------------------X

      Plaintiff, by his attorneys, **BRUCE MONTAGUE & PARTNERS**, complaining of the Defendants, respectfully allege, upon information and belief, as follows:

### JURISDICTION

1. Jurisdiction over this action is based upon 28 U.S.C. 1332 (a)(1).

2. That the amount in controversy exceeds $75,000.

3. At all times herein mentioned, Plaintiff **TRAVIS LESSER** is a citizen of the State of New Jersey.

4. At all times herein mentioned, Defendant **DAVID COHEN** is a citizen of the State of New York.

### VENUE

5. Venue of this action is based upon 28 U.S.C. 1391(a)(1).

### AS AND FOR A CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS JAMES DALY AND EILEEN DALY

6. At all times herein mentioned, Defendant **DAVID COHEN** was the owner of a 2006 Dodge motor vehicle bearing New York State registration number DXR2484.

7. At all times herein mentioned, Defendant **DAVID COHEN** operated, maintained, managed, and controlled the aforesaid Dodge motor vehicle.

8. At all times herein mentioned, Defendant **DAVID COHEN** had a duty to own, operate, maintain, manage, and control said Dodge motor vehicle in a safe, careful, and prudent manner so as to avoid harm to others.

9. At all times herein mentioned, Plaintiff **TRAVIS LESSER** was a lawful passenger within a 2012 Ford motor vehicle bearing New Jersey registration number C57CWE.

10. At all times herein mentioned, I-87 at or near milepost 15.5MM, within the Town of Greenburgh, County of Westchester, State of New York, were public roadways, streets and/or thoroughfares.

11. That on or about June 11, 2013, Defendant **DAVID COHEN** was operating the aforesaid Dodge vehicle motor vehicle at or near the aforesaid location.

12. That on or about, June 11, 2013 Plaintiff **TRAVIS LESSER** was a lawful passenger in the aforesaid Ford motor vehicle which was being operated at or near the aforesaid location.

13. That on or about June 11, 2013, at approximately 8:00 AM, at or near the aforesaid location, the aforesaid Dodge motor vehicle, owned and operated by Defendant **DAVID COHEN** struck the aforesaid Ford motor vehicle in which Plaintiff **TRAVIS LESSER** was a lawful passenger, in the rear.

14. That as a result of the aforesaid contact and collision, Plaintiff **TRAVIS LESSER** was injured.

15. That the aforesaid contact and collision was caused wholly and solely by reason of the negligence of the Defendant without any fault or negligence on the part of the Plaintiff contributing thereto.

16. That the Defendant was negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the Defendant was otherwise negligent, careless and reckless under the circumstances then and there prevailing.

17. That by reason of the foregoing, Plaintiff **TRAVIS LESSER** sustained serious, severe, and permanent injuries to his head, limbs and bodies, still suffer and will continue to suffer for some time, great physical and mental pain and serious bodily injury; became sick, sore, lame and disabled and so remained for a considerable length of time.

18. That Plaintiff **TRAVIS LESSER** has sustained a serious injury as defined in the Insurance Law of the State of New York, § 5102(d) and said loss is greater than the economic loss as defined in the Insurance Law of the State of New York, § 5102(a).

19. That by reason of the foregoing, Plaintiff **TRAVIS LESSER** are informed and verily believe the aforesaid injuries are permanent and he will permanently suffer from the effects of his injuries and he will be caused to suffer permanent embarrassment and continuous pain and inconvenience.

20. That by reason of the foregoing, Plaintiff **TRAVIS LESSER** was compelled and did necessarily require medical aid and attention and did necessarily pay and become liable therefore, for medicines and Plaintiff **TRAVIS LESSER** will necessarily incur similar expenses, and other items of damages.

21. That by reason of the foregoing, Plaintiff **TRAVIS LESSER** has been unable to attend to his usual occupation and avocation in the manner required.

22. That this action falls within one or more of the exceptions set forth in CPLR §1602.

23. That by reason of the foregoing, Plaintiff **TRAVIS LESSER** has been damaged in the amount up to ONE MILLION ($1,000,000.00) DOLLARS.

**WHEREFORE**, Plaintiff demands judgment against the Defendant in the amount of up to ONE MILLION ($1,000,000.00) DOLLARS for damages sustained by Plaintiff **TRAVIS LESSER**, together with the costs and disbursements of this action.

Dated:   Bayside, NY
         January 7, 2016

Yours, etc.

CRAIG IAN GARDY (8397)
Bruce Montague & Partners
Attorneys for Plaintiff
**TRAVIS LESSER**
212-45 26th Avenue
Suite #7
Bayside, NY 11360
718-279-7555